# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| FIREMAN'S FUND INSURANCE COMPANY, | § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-05-2515 |
| HLAVINKA EQUIPMENT COMPANY, | § § | |
| Defendant. | § § | |

## MEMORANDUM AND ORDER

This declaratory judgment action is before the Court on Defendant Hlavinka Equipment Company's Motion to Dismiss [Doc. # 4], to which Plaintiff Fireman's Fund Insurance Company has filed its response [Doc. # 7], and Defendant filed a Reply[1] [Doc. # 9]. The Court has reviewed the full record in this case. Based on this review, and the application of governing legal authorities, the Court grants Defendant's Motion to Dismiss.

---

[1] The Court's Procedures provide that reply briefs should be submitted within three (3) days after the response is filed. *See* Court Procedures, 6.A.4. In this case, Plaintiff's Response was filed September 30, 2005 and Defendant's Reply was not filed until October 20, 2005, significantly more than three days later. The Court's Procedures also provide, however, that reply briefs will be considered if filed prior to the Court's ruling. *Id.* Consequently, the Court has considered Defendant's belated reply.

I.      **FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff Fireman's Fund Insurance Company ("Fireman's") issued a casualty insurance policy, Policy No. MX1-97905532 ("the Policy"), to Defendant Hlavinka Equipment Company ("Hlavinka") covering loss to agricultural machinery Hlavinka purchased through Case Corporation ("Case").

Hlavinka ordered a Cotton Picker from Case. Although the Cotton Picker would normally have been delivered to a Hlavinka dealership, this Cotton Picker was delivered in July 2004 to a cotton field owned by one of Hlavinka's customers, Darryl Pasket, who was considering purchasing the Cotton Picker. In early August 2004, the Cotton Picker was destroyed in a fire.

The next day, Hlavinka made a claim under the Policy for the lost Cotton Picker. Fireman's denied Hlavinka's claim on August 23, 2004, stating that Hlavinka's "interest ceased at the time of delivery to Darryl Pasket on July 19, 2004." *See* Fireman's Letter, Exh. 2 to Motion to Dismiss.

Hlavinka contested Fireman's decision, explaining that Pasket never purchased the Cotton Picker because it was experiencing problems prior to the fire. According to Hlavinka, at the time of the fire Pasket had not yet decided whether to purchase the Cotton Picker and no sales documents had been executed between the parties. In July

2005, Hlavinka threatened legal action against Fireman's in connection with the loss of the Cotton Picker and Fireman's denial of coverage under the Policy.

On July 19, 2005, Fireman's filed this declaratory judgment action in federal court.  On September 13, 2005, Hlavinka filed suit in state court in Willacy County and also moved to dismiss the federal suit.  In the state court lawsuit, Hlavinka argues that there is coverage under the Policy or, alternatively, that Pasket owns and is required to pay for the Cotton Picker.  Pasket, a party to the state court action, is not a party to this federal declaratory judgment action.  The Motion to Dismiss has been fully briefed and is ripe for decision.

**II.     ANALYSIS**

    **A.     Declaratory Judgment Actions in Federal Court**

The Declaratory Judgment Act "is an enabling act, which confers discretion on the courts rather than an absolute right on a litigant." *The Sherwin-Williams Co. v. Holmes County*, 343 F.3d 383, 389 (5th Cir. 2003) (citations omitted).  "The Declaratory Judgment Act has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." *Id.*  "In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." *Id.*  The fundamental question in deciding how the

Court should exercise its discretion is "whether the questions in controversy between the parties to the federal suit . . . can better be settled in the proceeding pending in state court." *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491, 495 (1942).

**B.     Analysis**

In *Orix Credit Alliance, Inc. v. Wolfe*, 212 F.3d 891 (5th Cir. 2000), the Fifth Circuit set out a three-step process for courts to follow in deciding whether to dismiss a declaratory judgment action. "A federal district court must determine: (1) whether the declaratory action is justiciable; (2) whether the court has the authority to grant declaratory relief; and (3) whether to exercise its discretion to decide or dismiss the action." *Sherwin-Williams*, 343 F.3d at 387 (discussing *Orix*, 212 F.3d at 895). Therefore, if the action is justiciable and is within the Court's authority, the Court must determine how best to exercise its authority.

**(i)     Justiciability**

A declaratory judgment action is justiciable if "a substantial controversy of sufficient immediacy and reality exists between parties having adverse legal interests." *Venator Group Specialty, Inc. v. Matthew/Muniot Family, L.L.C.*, 322 F.3d 835, 838 (5th Cir. 2003). Fireman's argues that a declaratory judgment in this case would resolve uncertainty about whether there is coverage under the Policy for Hlavinka's claim. This uncertainty is clearly not theoretical. Indeed, Plaintiff denied

coverage and Defendant has sued Fireman's alleging that there is coverage. This substantial controversy between the parties over whether there is coverage under the Policy presents a justiciable issue.

### (ii)   Authority

The Fifth Circuit has held that "a district court does not have authority to consider the merits of a declaratory judgment action when (1) the declaratory defendant previously filed a cause of action in state court; (2) the state case involved the same issues as those in the federal court; and (3) the district court is prohibited from enjoining the state proceedings." *Sherwin-Williams Co.*, 343 F.3d at 388 (citing *Travelers Ins. Co. v. Louisiana Farm Bureau Fed'n, Inc.*, 996 F.2d 774, 776 (5th Cir. 1993)). In this case, there is a pending state court action involving the same issues as those presented in this federal case and there is no basis for this Court to enjoin the state court action. The pending state court action, however, was filed *after* Fireman's filed its federal declaratory judgment action. The *Sherwin-Williams* court did not make clear whether "previously filed" requires that the state court action be filed prior to the federal case or merely that the state court action be filed before the federal action is decided. The most straight-forward interpretation of the phrase requires that the state court action be commenced before the federal declaratory judgment action in order to be "previously filed." Based on this interpretation of "previously filed,"

the Court would have authority to decide this declaratory judgment action because the state court action was not filed before the federal case was filed.

### (iii)   Discretion

Because the dispute is justiciable and the Court has the authority to grant the declaratory relief Fireman's requests, the Court must decide whether to exercise its discretion to retain the case or dismiss it.  In *St. Paul Insurance Co. v. Trejo*, 39 F.3d 585 (5th Cir. 1994), the Fifth Circuit identified seven non-exclusive factors for a federal court to consider when deciding whether to dismiss a declaratory judgment action.  These *Trejo* factors are:

> (1)  whether there is a pending state action in which all of the matters in controversy may be fully litigated;
>
> (2)  whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant;
>
> (3)  whether the plaintiff engaged in forum shopping in bringing the suit;
>
> (4)  whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist;
>
> (5) whether the federal court is a convenient forum for the parties and witnesses;
>
> (6) whether retaining the lawsuit would serve the purposes of judicial economy; and

>(7) whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending.

*Id.* at 590-91; *see also Sherwin-Williams*, 343 F.3d at 388.

In this case, there is a pending state action in which all of the issues in this case can be fully litigated, Fireman's filed this suit in anticipation of Hlavinka's state court lawsuit, and Fireman's engaged in forum shopping in bringing this federal declaratory judgment action. The Court notes, however, that "[m]erely filing a declaratory judgment action in a federal court with jurisdiction to hear it, in anticipation of state court litigation, is not in itself improper anticipatory litigation or otherwise abusive 'forum shopping.'" *Sherwin-Williams*, 343 F.3d at 391. In this case, there is no indication that the decision by Fireman's to file this federal declaratory judgment action was in any way improper. Notwithstanding the absence of any improper motives, however, the first three *Trejo* factors favor dismissing this case in favor of the state court lawsuit.

Because Pasket is not a party to this lawsuit, allowing this declaratory judgment action to proceed could result in piecemeal litigation with the potential for inconsistent rulings by this Court and by the state court regarding whether Pasket owns the Cotton Picker. Consequently, there is inequity in allowing this declaratory

judgment action to proceed and retaining this suit does not serve the purposes of judicial economy. The fourth and sixth *Trejo* factors favor dismissal. *See id.*

The United States District Court for the Southern District of Texas is a convenient forum for the parties and witnesses, but it appears that the state court in Willacy County, Texas, is also a convenient forum. The federal court is not "being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending." These two factors, the fifth and seventh *Trejo* factors, do not favor dismissal.

The majority of the *Trejo* factors thus point to dismissal of this declaratory judgment action in favor of the pending state court litigation.

In *Sherwin-Williams*, the Fifth Circuit noted that the *Trejo* factors address three concerns – federalism, fairness, and efficiency. *Id.* at 390-91. The federalism concern addresses the "proper allocation of decision-making between state and federal courts." *Id.* at 390. "[I]f the federal declaratory judgment action raises only issues of state law and a state case involving the same state law issues is pending, generally the state court should decide the case and the federal court should exercise its discretion to dismiss the federal suit." *Id.* at 390-91. Such is the case here. The issues in this case are state law issues which can and should appropriately be decided in the pending lawsuit in Texas state court.

The fairness concern addresses whether the selection of the federal forum is improper. *Id.* at 391. As mentioned above, there is no indication that Plaintiff's decision to file this federal declaratory judgment action was in any way improper.

The third concern addressed by the *Trejo* analysis is efficiency. *Id.* "A federal district court should avoid duplicative or piecemeal litigation where possible." *Id.* "A federal court should be less inclined to hear a case if necessary parties are missing from the federal forum, because that leads to piecemeal litigation and duplication of effort in state and federal courts." *Id.* In this case, as discussed above, Pasket is not a party to this federal litigation and allowing this case to proceed could result in piecemeal and duplicative litigation. "Duplicative litigation may also raise federalism or comity concerns because of the potential for inconsistent state and federal court judgments, especially in cases involving state law issues." *Id.* Deciding the coverage issues in this court would necessarily require a decision regarding whether Hlavinka transferred the Cotton Picker to Pasket and, since that decision would not be binding on non-party Pasket, the state court could decide the issue differently.

Consideration of the *Trejo* factors, which address federalism, fairness, and efficiency concerns, leads the Court to exercise its discretion to grant Defendant's Motion to Dismiss this case in favor of the state court lawsuit in Willacy County, Texas.

### III.  CONCLUSION AND ORDER

The Court does not have the authority to grant the declaratory relief requested by Fireman's. Additionally, consideration of the *Trejo* factors and the three concerns identified in *Sherwin-Williams* leads the Court to conclude that this declaratory judgment action should be dismissed in favor of the pending state court litigation in Willacy County. The Court emphasizes that its decision to exercise its discretion in favor of dismissal is in no way an indication that Plaintiff's decision to file this declaratory judgment action was improper.

Based on the foregoing, it is hereby

**ORDERED** that Defendant's Motion to Dismiss [Doc. # 4] is **GRANTED** and this case is **DISMISSED WITHOUT PREJUDICE** in favor of the pending lawsuit in Willacy County, Docket No. 2005-CV-0312-A. The Court will issue a separate final order.

SIGNED at Houston, Texas, this **26th** day of **October, 2005.**

_____
Nancy F. Atlas
United States District Judge